

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:07cr226

MICHAEL MATTHEWS


### MEMORANDUM OPINION

Spencer A. Peters ("Peters"), an individual heretofore unconnected to the above-captioned case, has filed an Amended Motion to Unseal Pre-Sentence Report and Other Documents Filed Under Seal (Docket Number 51) ("Peters's Am. Mot."). Through this motion, Peters seeks to have this Court unseal the presentence report ("PSR") of and other documents related to Michael Matthews ("Matthews").

Peters seeks access to the PSR and other documents because Dove has been identified as a witness against Peters in a pending state prosecution. (Peters's Am. Mot. at 2.[1]) Peters's sole basis for seeking the unsealing of these documents is "information and belief" that relevant

---

[1] Peters filed this Amended Motion (Docket Number 55) several days after the Government's Response (Docket Number 54). However, as his original Motion to Unseal (Docket Number 51) contained essentially no legal argument, the Court will look to his Amended Motion, thereby granting his implied Motion to Amend. This decision does not prejudice the Government because, as discussed below, Peters's claims are without merit.

1

impeachment evidence might be found in those documents, in the form of an "outline [of] Michael Matthew's [sic] criminal history and criminal conduct." (Id. at 1.) Peters also asserts that information found in these documents might be, in some undefined way, exculpatory. (Id. at 2.) The Government has opposed the motion, arguing that Peters has not set forth good cause sufficient to warrant the unsealing of the documents, and that Peters has access to the information contained in those documents from other sources. (Govt's Opp. at 1, 4.)

For the reasons set forth below, the Court holds that Peters has not asserted a sufficient particularized need for access to the PSR and that Peters's First Amendment rights are not violated by leaving the other documents in this case under seal. Therefore, Peters's motion to unseal the PSR and other documents is denied.[2]

DISCUSSION

### I.   Peters's Motion to Intervene

Although not styled as such, Peters's motion "amounted in substance to a motion to intervene." Bridges v. Dep't

---

[2] Peters had previously filed a document styled as a petition for a writ of mandamus (Docket Number 49). As Peters subsequently filed a Motion to Withdraw this document (Docket Number 52), which the Court now grants, the Court need not rule on the merits of the petition or propriety of filing such a petition in this case for the purpose asserted by Peters.

2

of Md. State Police, 441 F.3d 197, 207 (4th Cir. 2006).

Motions to intervene are filed pursuant to Fed. R. Civ. P.

24.   As the Fourth Circuit has noted, "a third party has

standing to intervene . . . when the third party has a

legally cognizable interest in the materials sought."   In

re Grand Jury Subpoena # 06-1, 274 Fed. Appx. 306, 310 (4th

Cir. 2008)(unpublished)(per curiam).   In this case, Peters

has   alleged   a   legally   cognizable   interest   in   the

information contained in the PSR.   Therefore, Peters's

Motion to Intervene shall be granted.

### II.  Peters's Motion to Unseal

### A. The Presentence Report

Fed. R. Crim. P. Rule 32(e) relates to the disclosure

of presentence reports.   In general, the rule provides for

the disclosure of such reports to a defendant who is the

subject of the report, except for certain information and

recommendations that may be withheld.   The rule, however,

is silent about disclosure to third-parties.   See id.

Nevertheless, as noted by the Supreme Court, it is

well established that "in both civil and criminal cases the

courts have been very reluctant to give third parties

access to the presentence investigation report prepared for

some other individual or individuals."   United States DOJ

v. Julian, 486 U.S. 1, 12 (1988) (collecting cases).   One

3

reason for this judicial reluctance "is the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report." Id. "A second reason is the need to protect the confidentiality of the information contained in the report." Id. As such, courts have typically required "some showing of special need before they will allow a third party to obtain a copy of a presentence report." Id. Accordingly, the Fourth Circuit has held that "information contained in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice." United States v. Figurski, 545 F.2d 389, 391 (4th Cir. 1976).[3]

These principles, which specifically relate to third-party access to presentence reports, stand in stark contrast to the public's presumptive right of access to criminal hearings, as articulated by the Fourth Circuit in In re Washington Post, 807 F.2d 383, 388-90 (4th Cir.

---

[3] There is language in Figurski indicating that the district court is required to conduct an *in camera* review of the PSR to determine whether this showing has been made. 545 F.2d at 392. Pursuant to the Supreme Court's later holding in Julian, however, it is clear that it is the movant's burden to articulate facts tending to demonstrate a "special need" for the information contained in the PSR before any such *in camera* review is conducted. See 486 U.S. at 12.

4

1986), the case upon which Peters principally relies.   As
the  First  Circuit  explained,  "[t]he  asserted  'criminal
trial' tradition is too broad an analogy.   As seen from
examples  such  as  .  .  .  presentence  reports,  the  mere
connection of a document with a criminal case does not
itself  link  the  document  to  the  tradition  of  public
access."   In re Boston Herald, 321 F.3d 174, 184 (1st Cir.
2003).   Indeed, as courts have held, "presentence reports
are *presumptively confidential* documents."   Id. at 188
(emphasis  added).     Therefore,  it  is  clear  that  Peters
cannot assert a right to access Matthews's PSR on the basis
of the First Amendment alone.   Instead, he must make some
*specific* showing of need by which disclosure "is required
to meet the ends of justice." Figurski, 545 F.2d at 391.

Based  on  the  foregoing,  it  is  clear  that  Peters's
motion must be denied.   Peters has made no specific showing
of need.   Rather, he has simply asserted, "upon information
and belief," that the documents filed under seal provide
information of an "exculpatory nature  .  .  .  which the
Petitioner could use to impeach the credibility" of Dove as
a  witness  at  trial.     (Peters's  Am.  Mot.  at  2.)     This
generalized  and  unsupported  assertion  of  need  fails  to
satisfy the heightened standard for third-party access to
presentence reports articulated by both the Supreme Court

5

in _Julian_, 486 U.S at 12, and the Fourth Circuit in _Figurski_, 545 F.2d at 391. Therefore, Peters's Motion to Unseal must be denied as to the PSR.

### B. Other Documents

Peters has also requested that the Court unseal various other documents in this case. (Peters's Am. Mot. at 1.) Peters does not identify with particularity to what "other documents and/or motions" he is referring, but does aver that they contain an "outline [of] Michael Matthew's [sic] criminal history and criminal conduct." (_Id._) Furthermore, Peters's moving papers indicate that the primary focus of his motion is for the unsealing of Matthews's PSR. (_See_ _id._ at 2-3.) Additionally, it should be noted that Peters has proffered no evidence that the information he seeks concerning Matthews's criminal history or conduct is even present in the sealed documents. (_See_ _id._) It is apparent, therefore, that Peters's attempt to have the various sealed pleadings in this case unsealed is little more than a fishing expedition for possibly impeaching information. However, in the interest of completeness and due to the important nature of the First Amendment rights implicated by Peters's claim, this Court will analyze Peters's assertion that the other sealed documents in Matthews's case should be unsealed.

6

There are two legal sources from which the public's right to view documents filed in a criminal case derives: the common law presumption of access and the First Amendment. See Washington Post, 807 F.2d at 390. Under the common law, the decision of whether to seal or unseal a document is committed to the sole discretion of the trial court, subject only to a few procedural limitations. See id.; see also Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65-66 (4th Cir. 1984). There is no evidence that these procedural limitations, essentially just the requirement for notice prior to sealing and an opportunity for interested parties to voice opposition to the sealing, were violated in this case. See Baltimore Sun, 886 F.2d at 65-66. For the reasons set forth above and below, the Court finds that the documents should remained sealed. Peters's common law claim of access, therefore, is denied.

The second basis on which the public might gain access to non-presentence report court documents, the First Amendment, provides more substantive and procedural protection. See Washington Post, 807 F.2d at 390. In order for a document subject to First Amendment protections to be sealed, the Court must make specific factual findings supporting the conclusion that "(1) closure serves a compelling interest; (2) there is a substantial probability

7

that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest." Id. at 392 (internal quotations omitted).

The sealing court, as evidenced by its Order granting the Government's Motion for Sealing Order signed by Magistrate Judge Dohnal on October 11, 2007 (Docket Number 31), made specific factual findings prior to sealing and found that those findings indicated that a compelling interest, public safety, was at risk and that sealing the documents was the least restrictive method of protecting that interest.   Furthermore, the record suggests that the sealing courts (Magistrate Judge Dohnal and this Court) followed the procedural requirements set forth in Washington Post, 807 F.2d at 391-92, requiring docketing of the motion to seal and an opportunity for interested parties to be heard on the issue.   Peters has proffered no evidence suggesting that the factual circumstances that gave rise to the finding supporting the Courts' decision to seal have changed or that the record's indication that proper sealing procedures were followed is incorrect. (See Peters's Am. Mot. at 1-3.)   Therefore, the Court finds that Peters's First Amendment rights are not violated by

continued sealing of the various documents under seal in this case.

## CONCLUSION

For the foregoing reasons, Peters's Motion to Intervene is granted and Peters's Amended Motion to Unseal the Presentence Report and Other Documents Filed Under Seal (Docket Number 55) is denied. In addition, as discussed above, Peters's Motion to Withdraw Document (Docket Number 52) is granted, and his Petition for a Writ of Mandamus (Docket Number 49) is therefore denied as moot because the petition has been withdrawn.

It is so ORDERED.

_____ /s/ _____  *RЄP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 12, 2008

9