

FILED
MAR 19 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.

MICHAEL F. MATTHEWS

Criminal Action No. 3:07cr226
Civil Action No. 3:15cv113

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on November 17, 2011, the Court denied Michael F. Matthews's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). (ECF Nos. 88-89.) On February 24, 2015, the Court received another 28 U.S.C. § 2255 motion filed by Matthews.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court has not received authorization from the United States Court of Appeals to hear Matthews's successive

§ 2255 Motion. Accordingly, the § 2255 Motion (ECF No. 162) will be dismissed for want of jurisdiction. Matthews's Motion to Proceed In Forma Pauperis (ECF No. 163) will be denied as moot.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Matthews fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Matthews and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: March 18, 2015
Richmond, Virginia