

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.

Criminal Action No. 3:07CR226
Civil Action No. 3:18CR-250

MICHAEL F. MATTHEWS

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on November 17, 2011, the Court denied Michael F. Matthews's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). (ECF Nos. 88-89.) Since that date, Matthews has filed various attacks on his conviction and sentence.

On February 21, 2017, the Court received from Matthews a "MOTION TO CORRECT AN ERROR IN THE RECORD PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 36." ("Rule 36 Motion," ECF No. 216.) For the reasons stated below, the Court finds that Matthews's motion is an unauthorized, successive § 2255 motion.

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 restricts the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and

sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 656¬-57 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Federal Rule of Criminal Procedure 36 provides, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Nevertheless, the Court narrowly defines clerical errors. "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996) (alteration in original) (quoting United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995)).

Matthews fails to identify, and the Court fails to discern, any error that may be corrected by Rule 36. Matthews argues that the Probation Officer failed to include information Matthews deems relevant in order to support his or her recommendation of Matthews's appropriate guidelines sentencing

2

range. Once again, Matthews continues to attack the sentence imposed by the Court. Accordingly, Matthews's Rule 36 Motion falls outside the scope of Rule 36 and within that of § 2255.

Matthews cannot avoid the bar against successive petitions merely by inventive labeling. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)). The Rule 36 Motion here challenges the legality of Matthews's sentence. Despite his inventive labeling, Matthews motion falls within the scope of 28 U.S.C. § 2255. Thus, the Clerk will be directed to assign a civil number to and file the Rule 36 Motion as a successive motion pursuant to 28 U.S.C. § 2255. Because the Fourth Circuit has not authorized this Court to hear Matthews's successive § 2255 motion, the Rule 36 Motion (ECF No. 216) will be

dismissed for want of jurisdiction. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Matthews and counsel of record.

                                          /s/ REP
Date: April 16, 2018    Robert E. Payne
Richmond, Virginia     Senior United States District Judge