

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.

MICHAEL F. MATTHEWS

Criminal Action No. 3:07CR226
Civil Action No. 3:18CR251

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on November 17, 2011, the Court denied Michael F. Matthews's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 88-89.) Since that date, Matthews has filed various attacks on his conviction and sentence.

On November 17, 2016, the Court received from Matthews a "MOTION FOR RELIEF FROM A JUDGEMENT [sic], ORDER, AND PROCEEDING PURSUANT TO FED. R. CIV. P. 60(a), OR IN THE ALTERNATIVE 60(d)(1)." ("Rule 60(a) or (d) Motion," ECF No. 203.) On December 12, 2016, the Court received from Matthews a "REQUEST TO SUPPLEMENT" his Rule 60(a) and (d) Motion. ("Request to Supplement," ECF No. 205.)

Notably, in his Rule 60(a) or (d) Motion, Matthews offers little in the way of legal argument for why his motion is appropriate under Rule 60. At most, he recites the Court's authority under Rule 60(a) and (d). Instead, Matthews argues that the Probation Officer made a "grievous mistake" leading to the "misapplication of an inapplicable cross-reference to the

first degree murder guidelines." (Rule 60(a) Mot. 1.) In reality, Matthews attacks the application of this guideline to him, and thus, continues his attack on the sentence he received.[1] Despite labeling his motion a Rule 60(a) or (d) Motion, as explained below, Matthews's Rule 60(a) or (d) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts must treat Rule 60[] motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation

---

[1] Matthews also appears to challenge the Court's denial of a reduction in his sentence for substantial assistance in March of 2013. (Rule 60(a) Mot. 2.) Matthews may not challenge the denial of a criminal motion under the Federal Rules of Civil Procedure.

2

of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Id. at 207 (citations omitted). Here, Matthews's Rule 60(a) and (d) Motion raises challenges to his sentence rather than any defects in his federal habeas proceedings. Accordingly, the court must treat the Rule 60(a) and (d) Motion as a successive § 2255 motion. The Court has not received authorization from the United States Court of Appeals to hear Matthews's successive § 2255 motion. Accordingly, the Clerk will be directed to assign a civil action number to and to file the Rule (a) and (d)

3

Motion (ECF No. 203) as a successive, unauthorized § 2255 motion. The action will be dismissed for want of jurisdiction.

In his Request to Supplement (ECF No. 205), Matthews again requests the Court to "relieve Petitioner from the February, 2007 judgment adopting the PSR and determine the basis" for the murder cross-reference." (ECF No. 205.) Again, Matthews does not challenge some error in his post-conviction proceedings but from his sentencing and criminal judgment. Accordingly, Matthews's Request to Supplement (ECF No. 205) will be denied as futile.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Matthews fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Matthews and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: April 13, 2018
Richmond, Virginia